CYNTHIA L. MELLEMA (State Bar No. 122798)
JEFFRY BUTLER (State Bar No. 180936)
MEGAN BARKER (State Bar No. 245991)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 882-5000
Facsimile:  (415) 882-0300
E-mail:      cynthia.mellema@dentons.com
                  jeffry.butler@dentons.com
                  megan.barker@dentons.com

Attorneys for Defendant
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL PARTON,<br><br>                  Plaintiff,<br><br>        vs.<br><br>ALLSTATE PROPERTY & CASUALTY<br>INSURANCE COMPANY and DOES 1-50,<br>inclusive,<br><br><br>                  Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL OF A CIVIL ACTION** |

*DENTONS US LLP*
*525 MARKET STREET, 26TH FLOOR*
*SAN FRANCISCO, CA 94105*
*(415) 882-5000*

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Allstate Property and Casualty Insurance Company ("Allstate") hereby removes to this Court the action described below and respectfully submits the following statement of grounds for removal:

### THE SUPERIOR COURT ACTION

1.    On July 21, 2015, plaintiff Michael Parton commenced an action in the Superior Court of the State of California for the County of Sacramento entitled "*Parton v. Allstate Property & Casualty Insurance Company*," Case No. 34-2015-00182026 (the "Superior Court Action").

2.    In the Superior Court Action, plaintiff seek damages with respect to the handling of a claim concerning the medical payments coverage under his Allstate auto policy.  (Complaint, ¶¶ 7, 8.)  Specifically, plaintiff contends Allstate "breached its contractual obligation to pay" his medical expenses.  (*Id*., ¶ 17.)  Plaintiff asserts causes of action against Allstate for breach of contract and breach of the covenant of good faith and fair dealing.

### SERVICE

3.    On August 3, 2015, plaintiff served the Summons and Complaint in the Superior Court Action on Allstate.[1]  Attached as Exhibit A are true and correct copies of the Summons, and Complaint, as well as other Superior Court documents served with the Complaint, and Allstate's answer, which Allstate believes constitute all pleadings on file in the Superior Court Action.

### JURISDICTION

4.    Allstate is informed and believes plaintiff was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California.

---

[1]    Though not critical at this point, plaintiff sued the wrong Allstate entity.  The only proper defendant in this case would be Allstate Indemnity Company, the entity which actually insured the vehicle at issue in plaintiff's complaint.

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

5.     Allstate was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the city of Northbrook, Illinois.  (Complaint, ¶ 2; see also Cal. Dep't. of Ins., available at http://www.insurance.ca.gov (last visited August 13, 2015) (Allstate Property and Casualty Insurance Company's profile on file with the California Department of Insurance showing it is a citizen and resident of Northbrook, Illinois).)

6.     Plaintiff and Allstate, accordingly, are citizens and residents of different states.

AMOUNT IN CONTROVERSY

7.     The amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum.

8.     As plaintiff's complaint demonstrates, he seeks to recover in excess of $85,000 in compensatory damages.  (Complaint, Prayer for Relief, ¶ (A).)

9.     Plaintiff also seeks to recover punitive damages.  (Complaint, Prayer for Relief, ¶ (F).)  In calculating the amount in controversy, the Court must consider the amount plaintiff may recover if he prevails on his punitive damages claim.  *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

ORIGINAL JURISDICTION

10.   The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiff and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.   The case is therefore one which Allstate may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446.  The removal is effected less than thirty days after service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

/ / /

/ / /

/ / /

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1
2
3
4

WHEREFORE, Allstate hereby gives notice that this action has been removed, in its entirety, from Sacramento County Superior Court to the United States District Court for the Eastern District of California, for further proceedings as though it originally had been instituted in the District Court.

5
6    Dated:  August 28, 2015                    DENTONS US LLP
7
8
9    By_____/s/ Jeffry Butler_____
                                                      JEFFRY BUTLER
10
                                                 Attorneys for Defendant
11                                               ALLSTATE PROPERTY AND CASUALTY
                                                 INSURANCE COMPANY
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

# EXHIBIT A

*1:45 pm*    *8/3/*

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Allstate Property & Casualty Insurance Company, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Michael Parton

> **FOR COURT USE ONLY**
> *(SOLO PARA USO DE LA CORTE)*
>
> **FILED**
> Superior Court Of California,
> Sacramento
> 07/21/2015
> ahall2
> By _____, Deputy
> Case Number:
> **34-2015-00182026**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO <br> Gordon Schaber Courthouse <br> 720 9th St., Sacramento, CA 95814 | CASE NUMBER: <br> *(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Barrick Arnold    (Bar # 284470)    Fax No.: (530) 897-5030
The Law Offices of Max G. Arnold, Inc.    Phone No.: (530) 897-5020
20 Constitution Dr., Ste. A, Chico, CA 95973

DATE: **JUL 2 1 2015**    Clerk, by **A. HALL**, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

    under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

Max G. Arnold (CSB# 98495)
Barrick Arnold (CSB# 284470)
Brian Michael Pratt (CSB# 289429)
The Law Offices of Max G. Arnold, Inc.
20 Constitution Dr., Ste. A
Chico, CA 95973
PH: (530) 897-5020
Fax: (530) 897-5030

Attorneys for Plaintiff
MICHAEL PARTON

FILED
Superior Court Of California,
Sacramento
07/21/2015
ahall2
By_____, Deputy
Case Number:
34-2015-00182026

SUPERIOR COURT OF CALIFORNIA, SACRAMENTO COUNTY

UNLIMITED JURISDICTION

|  |  |
|---|---|
| MICHAEL PARTON, | Case No.: |
| Plaintiff, | **CIVIL COMPLAINT FOR DAMAGES** |
| vs. | **(Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealings)** |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and DOES 1-50, |  |
| Respondents. |  |

Plaintiff MICHAEL PARTON alleges as follows:

## GENERAL ALLEGATIONS

1) That at all times pertinent to this action, plaintiff MICHAEL PARTON

(hereinafter referred to as "plaintiff") was a resident of the State of California.

2) That at all times pertinent to this action, defendant ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY (hereinafter referred to as "ALLSTATE") was a corporate entity, duly registered with the California Secretary of State, with a principal residence address in the state of Illinois. ALLSTATE is authorized to participate in the insurance and indemnity business in the State of California.

3) That the true names and capacities of defendants DOES 1-50 are unknown to plaintiff, and therefore, plaintiff has elected to sue those defendants under fictitious names. Plaintiff alleges that each of the defendants designated as a "DOE" is in some manner responsible for the incidents and pattern of conduct which are the subjects of this litigation, and therefore, responsible for the plaintiff's subsequent damages.

4) In this complaint, ALLSTATE and DOES 1-50 will be collectively identified as "defendants."

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

5) Plaintiff incorporates by reference the allegations contained in Paragraphs 1-4, as though they were fully stated in this cause of action.

6) On or about June 7th, 2012, plaintiff suffered bodily injuries when he was involved in a motor vehicle accident (hereinafter referred to as "THE MVA"), which occurred on SR-99, in Sacramento County, California. THE MVA was caused by Lakhwinder Singh, who was driving a large commercial semi-truck

when one of its rear tires detached, and hit the plaintiff's 2003 Chevrolet Cavalier, while it was following Mr. Singh.

7) Before THE MVA, plaintiff and ALLSTATE entered into a contract of automobile insurance, under policy number 924281217 (hereinafter referred to as "THE POLICY"). Among the coverages purchased by plaintiff in that policy was a provision entitling plaintiff to $100,000.00 in no-fault medical payments coverage per incident (hereinafter referred to as "MEDPAY"). THE POLICY covered plaintiff's 2003 Chevrolet Cavalier, and was in force at the time of THE MVA.

8) Shortly after the occurrence of THE MVA, plaintiff filed a claim with ALLSTATE, under the MEDPAY provisions of THE POLICY. Pursuant to its contractual obligation, ALLSTATE opened up a claim, under claim number 0247631211.

9) As a result of THE MVA, plaintiff alleged that he suffered injuries to his neck; back; chest; and both wrists. Accordingly, he required medical treatment through various providers, including a medical doctor; chiropractor; diagnostic imaging; arthritis specialist; and neurosurgeon. Eventually, plaintiff's neck injuries required treatment in the form of an anterior cervical discectomy and fusion, at C5-6 and C6-7 (hereinafter referred to as "THE SURGERY"). THE SURGERY was performed on or around December 11th, 2012, at Mercy Medical Center, under the direction of Redding neurosurgeon Gary Lam, M.D.

10) Due to the above treatments, plaintiff incurred approximately $146,714.53 in medical bills. Plaintiff alleges that all of those bills were incurred in

connection with medical treatment that was related and attributable to THE

MVA.

11) Pursuant to his obligations under THE POLICY, plaintiff, through his counsel,

forwarded documentation of his medical treatment to ALLSTATE, for payment

under the MEDPAY provisions of THE POLICY. Among the documentation

submitted to ALLSTATE was a set of bills and records from Mercy Medical

Center for various fees arising from THE SURGERY, in the amount of

$87,759.74.

12) Subsequent to plaintiff's submission of his medical documentation,

ALLSTATE made payments on various bills from Smith Chiropractic; Redding

Pathology Laboratories; Shasta Anesthesia Consultants; and Gary Lam, M.D.

The payments were made by ALLSTATE between August 31st, 2012, and

April 25th, 2013, and totaled approximately $14,320.03.

13) On three separate occasions in the two-year-period after THE MVA, plaintiff,

through his counsel, submitted the $87,759.74 bill from Mercy Medical Center

(along with full supporting documentation) to ALLSTATE, along with a request

that ALLSTATE pay Mercy's bill arising from its services pertaining to THE

SURGERY. ALLSTATE's responses to the first two submissions were

requests for more information and supporting documentation.

14) Plaintiff's most recent demand that ALLSTATE pay Mercy's bill arising from

THE SURGERY was on or about May 6th, 2014. On or about May 7th, 2014,

ALLSTATE responded to that demand in two ways: firstly, with yet another

request for more documentation, and secondly, with a letter advising plaintiff's

counsel that the matter was submitted to an "Independent Peer Review" of plaintiff's medical bills and records.  At that time, ALLSTATE advised plaintiff that until they obtained the results of the review, no further payments from the MEDPAY coverage under THE POLICY would be made.

15) On July 30th, 2014, ALLSTATE advised plaintiff in writing that the Independent Peer Review, performed by Jamie Lee Lewis, M.D., determined that THE SURGERY was not attributable to THE MVA, and that the plaintiff should have recovered fully from the injuries related to THE MVA within eight weeks of THE MVA.  Due to that contention, ALLSTATE advised it would be making no further payments under the MEDPAY provisions of THE POLICY.

16) On or about October 21st, 2014, plaintiff made a final written demand to ALLSTATE that it pay the Mercy Medical Center bill from the remaining MEDPAY funds.  To date, plaintiff has not received a response from ALLSTATE to that demand.

17) Plaintiff now alleges that at the time of THE MVA, him and ALLSTATE had entered into a contract which obligated ALLSTATE to pay, from the MEDPAY provisions of THE POLICY, all medical bills for treatment attributable to THE MVA, up to $100,000.00; that plaintiff performed all of the duties and tasks required to trigger ALLSTATE's contractual duty to pay the $87,759.74 bill from Mercy Medical Center; and that despite plaintiff's lawful performance under the MEDPAY provisions of THE POLICY, ALLSTATE has breached its contractual obligation to pay the Mercy Medical Center bill.

18) As a result of ALLSTATE's breach of the MEDPAY provisions of THE

POLICY, plaintiff has suffered the following damages:

   a.  Expectancy damages, in the amount of $85,679.97;

   b.  Other special damages, including harm to his credit rating, owing to his

      inability to pay the $87,759.74 bill from Mercy Medical Center, amount

      subject to proof;

   c.  Emotional distress and other general damages, amount subject to

      proof;

   d.  Attorney fees and legal costs involved in bringing this action.

19) Plaintiff is informed and thereon alleges that the "DOE" defendants are

responsible in some fashion for the acts and omissions causing his damages.

Plaintiff is not currently aware of the nature or extent of such defendants'

liability, and will seek leave of court to amend this complaint when he

possesses information sufficient to identify the other responsible parties by

name.

## SECOND CAUSE OF ACTION:

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALINGS

20) Plaintiff incorporates by reference the allegations contained in Paragraphs 1-

19, as though they were fully stated in this cause of action.

21) Plaintiff alleges that ALLSTATE's failure to pay the $87,759.74 from Mercy

Medical Center does not originate from a truly-held belief on ALLSTATE's

part that THE SURGERY was not attributable to THE MVA.  On that subject, plaintiff alleges that before the records review performed by Dr. Lewis, ALLSTATE, ALLSTATE paid the following providers under the MEDPAY provisions of THE POLICY:

    a.  Redding Pathologists Laboratory, for $116.00, on January 2nd, 2013;

    b.  Shasta Anesthesia Consultants, for $3,400.00, on January 2nd, 2013;

    c.  Gary Lam, M.D., for $39.00, on January 28th, 2013;

    d.  Gary Lam, M.D., for $3,020.60, on February 7th, 2013;

    e.  Randall Boyer, M.D., for $3,605.00, on April 5th, 2013;

    f.  Gary Lam, M.D., for $65.00, on April 25th, 2013.

22) Plaintiff alleges that all of the providers mentioned in Paragraph 20 rendered services that were attributable exclusively to THE SURGERY.  Plaintiff further alleges that ALLSTATE made all of the payments described in Paragraph 20 without advising the plaintiff, or plaintiff's counsel, that it was disputing the connection between THE MVA and THE SURGERY.

23) ALLSTATE did not dispute the connection between THE MVA and THE SURGERY until plaintiff made his demand, on or about May 6th, 2014, that ALLSTATE pay the $87,759.74 bill from Mercy Medical Center.  Additionally, Dr. Lewis even conceded in the report from Independent Peer Review that plaintiff's pre-existing degenerative disc disease in his cervical spine was exacerbated by THE MVA; that observation notwithstanding, Dr. Lewis still insisted that THE SURGERY was not related to THE MVA.

24) Based on the above allegations, plaintiff alleges that ALLSTATE's continuing refusal to pay the $87,759.74 bill from Mercy Medical Center is patently unreasonable, and that as a result, ALLSTATE is breaching its covenant of good faith and fair dealings with the plaintiff.

25) As a result of ALLSTATE's breach of the covenant of good faith and fair dealings, plaintiff has suffered the following damages:

    a.  Expectancy damages, in the amount of $85,679.97;

    b.  Other special damages, including harm to his credit rating, owing to his inability to pay the $87,759.74 bill from Mercy Medical Center, amount subject to proof;

    c.  Emotional distress and other general damages, amount subject to proof;

26) Plaintiff alleges that, in reality, ALLSTATE believes that the $87,759.74 bill from Mercy Medical Center is attributable to injuries suffered by the plaintiff in THE MVA. This belief is evidenced by their prompt payment of six separate bills that were solely attributable to THE SURGERY, between January 2nd, 2013, and April 25th, 2013. Plaintiff further alleges that ALLSTATE is intentionally withholding this material information in a concerted effort to deny the plaintiff MEDPAY benefits he is owed under THE POLICY. As a result, plaintiff has been deprived of his legal rights and property under the MEDPAY portion of THE POLICY, for which reason he is seeking an award of punitive damages under California Civil Code section 3294(3).

27) Additionally, plaintiff alleges that he is merely the latest victim of a company-wide series of patterns and practices instituted by ALLSTATE, in which ALLSTATE routinely denies med-pay claims on illegitimate ground.  This scheme is carried out by ALLSTATE with the express intention of depriving ALLSTATE's paying customers of benefits rightfully owed to them under the "medical payments" portions of their insurance policies.  Plaintiff alleges that ALLSTATE's conduct is despicable, and that it has caused plaintiff to suffer cruel and unjust hardship, in conscious disregard of his legal rights under the MEDPAY provisions of THE POLICY.  Accordingly, plaintiff is seeking an award of punitive damages under California Civil Code section 3294(2).

28) Plaintiff is informed and thereon alleges that the "DOE" defendants are responsible in some fashion for the acts and omissions causing his damages. Plaintiff is not currently aware of the nature or extent of such defendants' liability, and will seek leave of court to amend this complaint when he possesses information sufficient to identify the other responsible parties by name.

## **PRAYER FOR RELIEF**

Owing to the allegations of the above complaint, plaintiff prays for judgment against defendants as follows:

(A) Expectancy damages, in the amount of $85,679.97, plus interest since the date of defendants' breach of the MEDPAY provisions of THE POLICY at the maximum allowable legal rate;

(B) Other special damages, arising from damage to his credit rating; interest on the $87,759.74 bill from Mercy Medical Center; and other items, according to proof;

(C) Attorney fees incurred by plaintiff in connection with his cause of action for defendants' breach of the MEDPAY provisions of THE POLICY, according to proof;

(D) Non-economic damages for emotional distress and suffering, according to proof;

(E) Costs of this suit, according to proof;

(F) Punitive damages against defendants for their breach of the covenant of good faith and fair dealings, according to proof;

(G) Pre-judgment interest; AND

(H) All further relief as this court deems just and proper.


DATED: July 21st, 2015

Barrick Arnold

Attorney for Plaintiff

MICHAEL PARTON

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Barrick Arnold    (Bar # 284470)
The Law Offices of Max G. Arnold, Inc.
20 Constitution Dr., Ste. A
Chico, CA 95973
TELEPHONE NO.: (530) 897-5020       FAX NO.: (530) 897-5030
ATTORNEY FOR *(Name)*: Plaintiff Michael Parton

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th St.
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon Schaber Courthouse

CASE NAME:
Parton vs. Allstate Property & Casualty Ins. Co.

**FILED**
**Superior Court Of California,**
**Sacramento**
**07/21/2015**
**ahall2**
**By                              , Deputy**
**Case Number:**
**34-2015-00182036**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **34-2015-00182036** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 21, 2015

Barrick Arnold
*(TYPE OR PRINT NAME)*                              *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:   Gordon D Schaber Courthouse<br><br>PHONE NUMBER:   (916) 874-5522 | |

| SHORT TITLE:     Parton vs. Allstate Property & Casualty Insurance Compa | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2015-00182026-CU-BC-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 01/28/2016 in Department  36  In accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
 -Served all parties named in the complaint within 60 days after the summons has been issued
 -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
 -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**          Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 07/22/2015

_Gerrit W. Wood_

Gerrit W. Wood, Judge of the Superior Court

CYNTHIA L. MELLEMA (State Bar No. 122798)
JEFFRY BUTLER (State Bar No. 180936)
MEGAN BARKER (State Bar No. 245991)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
E-mail:     cynthia.mellema@dentons.com
            jeffry.butler@dentons.com
            megan.barker@dentons.com

Attorneys for Defendant
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY

RECEIVED
CIVIL DROP BOX

2015 AUG 26  PM 1: 14

GUSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

MICHAEL PARTON,

                    Plaintiff,

          vs.

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY and DOES 1-50,
inclusive,

                    Defendant.

No. 34-2015-00182026

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY'S ANSWER TO
COMPLAINT

**BY FAX**

Defendant Allstate Property And Casualty Insurance Company hereby answers plaintiff

Michael Parton's complaint (the "Complaint") as follows:

## GENERAL DENIAL

Allstate generally denies each and every material allegation in plaintiff's Complaint

pursuant to Code of Civil Procedure 431.30(d). Allstate further denies plaintiff sustained any

injury, damage, or loss by reason of any conduct, action, error, or omission on the part of

Allstate.

Allstate files this answer without prejudice to its right to file a further amended answer or

other response, including cross-complaints, after conducting discovery.

- 1 -
ALLSTATE'S ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

(Applicable To All Causes Of Action)

### First Defense

### (Failure to State Cause of Action)

The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense

### (Waiver)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of waiver.

### Third Defense

### (Estoppel)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of estoppel.

### Fourth Defense

### (Unclean Hands)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of unclean hands.

### Fifth Defense

### (Laches)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of laches.

### Sixth Defense

### (Fault of Others)

Plaintiff's damages, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Allstate, for which Allstate is not

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1   responsible.  Such intentional conduct, negligence, or fault bars recovery against Allstate or

2   comparatively reduces the percentage of fault or negligence, if any, of Allstate.

### Seventh Defense

### (Consent and/or Authorization of Plaintiff)

Plaintiff consented to and/or authorized all conduct and/or omissions of Allstate alleged
in the Complaint.

### Eighth Defense

### (Active Fault of Plaintiff)

The Complaint, and each purported cause of action in the Complaint, is barred by
plaintiff's active fault.

### Ninth Defense

### (Comparative Fault)

The Complaint, and each purported cause of action in the Complaint, is barred and/or
plaintiff's recovery is reduced because plaintiff's alleged damages resulted from plaintiff's
comparative fault.

### Tenth Defense

### (Mitigation of Damages)

To the extent plaintiff failed to mitigate, minimize or avoid any damages allegedly
suffered, plaintiff's recovery against Allstate, if any, must be reduced by that amount.

### Eleventh Defense

### (Assumption of Risk)

Plaintiff knew, or in the exercise of reasonable care should have known, the risks of the
matters alleged in the Complaint.  Plaintiff knowingly and voluntarily assumed and accepted
such risks, and any damages allegedly caused by Allstate's conduct were the proximate result of
plaintiff's assumption and acceptance of such risks.

### Twelfth Defense

### (No Causation)

Plaintiff is entitled to no relief from Allstate because plaintiff sustained no injury,

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1     damage, or loss by reason of any conduct, act, error, or omission on Allstate's part.

2 **Thirteenth Defense**

3 **(Privilege)**

4     Allstate's alleged acts, conduct, and/or omissions were lawful, privileged, and/or

5 justified.

6 **Fourteenth Defense**

7 **(Intervening Cause)**

8     Plaintiff's damages, the fact and extent of which Allstate denies, were proximately

9 caused by intervening, superseding, and/or supervening acts for which Allstate has no liability.

10 **Fifteenth Defense**

11 **(Election of Remedies)**

12     To the extent plaintiff elected to pursue a certain remedy, plaintiff is barred from

13 pursuing or recovering under any other remedy under the doctrine of election of remedies.

14 **Sixteenth Defense**

15 **(Accord and Satisfaction)**

16     The Complaint, and each purported cause of action in the Complaint, is barred by the

17 doctrine of accord and satisfaction.

18 **Seventeenth Defense**

19 **(Set-Off)**

20     Plaintiff's damages, the fact and extent of which Allstate denies, are set-off or

21 extinguished under the equitable doctrine of set-off or under California Code of Civil Procedure

22 section 431.70.

23 **Eighteenth Defense**

24 **(Ratification of Conduct)**

25     With full knowledge of all facts in any way connected with or relating to the matters

26 alleged in the Complaint, plaintiff duly ratified, acquiesced, and/or confirmed in all respects the

27 conduct and/or omissions of Allstate alleged in the Complaint.

28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

### Nineteenth Defense

### (Failure to Join Necessary Parties)

Plaintiff's claims are barred because plaintiff failed to join necessary and indispensable parties to this action, including that he failed to name the proper insurer.

### Twentieth Defense

### (Indemnification from Responsible Parties)

To the extent Allstate is liable, if at all, for any of plaintiff's claims, the fact and extent of which Allstate denies, Allstate is entitled to indemnification, contribution, and/or equitable apportionment for such claims among all other parties responsible for plaintiff's claims.

### Twenty-First Defense

### (Statute of Limitations)

The Complaint, and each purported cause of action in the Complaint, is barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

### Twenty-Second Defense

### (Obligations Limited to Policy Terms)

Allstate's obligations, if any, to plaintiff are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the applicable policy and endorsements (the "Policy").

### Twenty-Third Defense

### (Policy Limits)

The Policy provides coverage, if at all, only to the extent of the limits of liability listed on the declaration page or otherwise contained in the Policy form and endorsements.

### Twenty-Fourth Defense

### (No Coverage for Claimed Losses)

The Complaint, and each purported cause of action in the Complaint, is barred to the extent it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a

loss the Policy does not cover, or is excluded from coverage under the Policy's terms, exclusions, conditions and limitations.

## Twenty-Fifth Defense

### (Plaintiff's Failure to Comply With Policy Terms)

Plaintiff failed to satisfy the terms and/or conditions of the Policy, including but not limited to the conditions set forth under the Policy's "What You Must Do If There Is A Loss" provision.

## Twenty-Sixth Defense

### (Allstate's Compliance With Policy Terms)

Allstate fully performed all obligations, both express and implied, owed to plaintiff under the Policy and applicable law.

## Twenty-Seventh Defense

### (Plaintiff's Claim Raised Genuine Issues)

Plaintiff should take nothing pursuant to the Complaint because plaintiff's claims raised genuine issues and/or disputes as to Allstate's duties, if any, under the Policy, and Allstate reasonably believed in the validity of these issues and/or disputes.

## Twenty-Eighth Defense

### (Good Faith of Allstate)

Allstate's conduct was reasonable and in good faith, hence not tortious.

## Twenty-Ninth Defense

### (Speculative Nature of Damages)

Plaintiff is not entitled to recover a monetary judgment because plaintiff's damage claims are speculative.

## Thirtieth

### (No Entitlement to Attorneys' Fees)

Plaintiff is precluded from recovering attorneys' fees and costs from Allstate under applicable provisions of the law.

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

ALLSTATE'S ANSWER TO COMPLAINT

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

### Thirty-First Defense

#### (No Punitive Damages)

The Complaint fails to state facts sufficient to entitle plaintiff to punitive damages.

### Thirty-Second Defense

#### (Unconstitutionality of Punitive Damages)

Plaintiff's claim for punitive and exemplary damages is barred because the California punitive damages statute is unconstitutional under the United States and California Constitutions in that, among other things, it is void for vagueness, violates the equal protection clause, due process clause, contract clause, and/or Eighth Amendment proscription against excessive fines, and imposes an undue burden on interstate commerce.

### Thirty-Third Defense

#### (Right to Assert Additional Defenses)

Allstate reserves its right to amend its answer to the Complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy, as may become apparent during discovery in this action.

WHEREFORE, Allstate prays for judgment as follows:

1.   That plaintiff take nothing by way of his Complaint and that the Complaint be dismissed with prejudice;

2.   That judgment be entered in Allstate's favor;

3.   That Allstate be awarded costs and attorneys' fees incurred in this action; and

4.   For such other and further relief as this Court deems just and proper.

Dated:  August 26, 2015                     DENTONS US LLP


By  _____
        MEGAN BARKER

Attorneys for Defendant
ALLSTATE PROPERTY &
CASUALTY INSURANCE COMPANY

ALLSTATE'S ANSWER TO COMPLAINT

PROOF OF SERVICE
Michael Parton v. Allstate Property & Casualty Insurance Company
Case No. 34-2015-00182026

I, Adrienne Hankins, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 525 Market Street, 26th Floor, San Francisco, California 94105-2708. On August 26, 2015, I served a copy of the within document(s):

**DEFENDANT ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT**

☒    BY US MAIL by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

Attorney for Plaintiff
Michael Parton

Max G. Arnold
Barrick Arnold
Brial Michael Pratt
The Law Offices of Max G. Arnold
20 Constitution Drive., Ste. A
Chico, CA 95973
Telephone: 530-897-5020
Facsimile 530-897-5030

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 26, 2015, at San Francisco, California.

_____
Adrienne Hankins

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105-2708
(415) 882-5000

-1-